## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:    **Kingston Road, PO Box 870, Plaistow, NH  03865**

Address of Defendant:    **Primary Defendant:  4390 Disston Street, Philadelphia, PA   19135**

Place of Accident, Incident or Transaction:    **Pennsylvania**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of stock?  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).    Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.    Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

2.    Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

3.    Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐  No ☒

CIVIL:  (Place ☐ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | | B. *Diversity Jurisdiction Cases:* | |
|---|---|---|---|
| 1. | ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. | ☐ Insurance Contract and Other Contracts |
| 2. | ☐ FELA | 2. | ☐ Airplane Personal Injury |
| 3. | ☐ Jones Act-Personal Injury | 3. | ☐ Assault, Defamation |
| 4. | ☐ Antitrust | 4. | ☐ Marine Personal Injury |
| 5. | ☐ Patent | 5. | ☐ Motor Vehicle Personal Injury |
| 6. | ☐ Labor-Management Relations | 6. | ☐ Other Personal Injury (Please specify) |
| 7. | ☐ Civil Rights | 7. | ☐ Products Liability |
| 8. | ☐ Habeas Corpus | 8. | ☐ Products Liability – Asbestos |
| 9. | ☐ Securities Act(s) Cases | 9. | ☐ All other Diversity Cases |
| 10. | ☐ Social Security Review Cases | | (Please specify) |
| 11. | ☒ All other Federal Question Cases | | |
| | Trademark Infringement | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____ **Jana M. Landon** _____ , counsel of record do hereby certify:

☒    Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil case exceed the sum of $150,000.00 exclusive of interest and costs;

☐    Relief other than monetary damages is sought.

DATE:    November 4, 2005    Jana M. Landon    84085
    Attorney-at-Law    Attorney I.D.#

**NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:    November 4, 2005    Jana M. Landon    84085
    Attorney-at-Law    Attorney I.D.#

L 412293 v.1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

EAST/WEST CONSOLIDATORS, INC.　　　:　　　CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
EAST WEST CONSOLIDATORS, INC.,　　　:
et al.　　　　　　　　　　　　　　　　:

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| November 4, 2005 | Jana M. Landon | East/West Consolidators, Inc. |
|---|---|---|
| Date | Attorney-at-Law | Attorney For |

| (215) 564-8000 | (215) 564-8120 | jlandon@stradley.com |
|---|---|---|
| Telephone | Fax Number | E-Mail Address |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

EAST/WEST CONSOLIDATORS, INC.                  :
Kingston Road, P.O. Box 870                    :
Plaistow, NH  03865                            :
                                          :
                       Plaintiff,         :      CIVIL ACTION NO.
                                          :
                           v.             :      TRIAL BY JURY DEMANDED
                                          :
EAST WEST CONSOLIDATORS, INC.                  :
4930 Disston Street                            :
Philadelphia, PA  19135,                       :
                                          :
                           and            :
                                          :
T&T FREIGHT CONSOLIDATORS, INC.                :
6920 State Road                                :
Philadelphia, PA  19135,                       :
                                          :
                           and            :
                                          :
THOMAS J. SICALIDES                            :
39 Beverly Hill Road                           :
Warminster, PA  18974,                         :
                                          :
                           and            :
                                          :
GARY S. KRINICK                                :
3404 Elbert Lane                               :
Marlton, NJ  08053,                            :
                                          :
                       Defendants.        :
                                          :

## COMPLAINT

Plaintiff East/West Consolidators, Inc. ("plaintiff"), by and through its attorneys,

Stradley, Ronon, Stevens & Young, LLP, for its complaint against defendants East West

Consolidators, Inc.; T&T Freight Consolidators, Inc.; Thomas J. Sicalides, individually and as

both an officer of East West Consolidators, Inc. and an owner of T&T Freight Consolidators,

Inc.; and Gary S. Krinick, individually and as incorporator of East West Consolidators, Inc. (collectively, "defendants"), alleges and states as follows:

## NATURE OF THE ACTION

1.     This action arises under the trademark laws of the United States, namely, Title 15 of the United States Code, for infringement of plaintiff's service mark **East/West Consolidators**™ ("Mark") and trade name **East/West Consolidators, Inc.** ("Name").  Plaintiff has used its Mark exclusively and continuously, for over 20 years and across the nation, in connection with its business of providing transportation logistics services, namely arranging the transportation of goods by and for others by truck.  This action is compelled by defendants' recent adoption of the name "East West Consolidators, Inc." and mark "East West Consolidators" (both identical to plaintiff's Name and Mark, respectively, but for a backward slash) in connection with a business substantially identical to that of plaintiff.  Even more compelling, defendants have solicited plaintiff's customers by facsimile using the name "East West Consolidators, Inc.", thereby causing actual confusion among those customers.  Defendants have refused to cease and desist this intentional infringement of plaintiff's rights even after being put on notice of this infringement by plaintiff.

## THE PARTIES

2.     Plaintiff is a corporation duly created and existing under the laws of the State of New Hampshire; was incorporated in 1987; has a principal place of business in Plaistow, New Hampshire; and conducts business as a transportation broker.

3.     On information and belief, defendant East West Consolidators, Inc. is a corporation created and existing under the laws of the Commonwealth of Pennsylvania; was

created in December 2004; has a principal place of business in Philadelphia, Pennsylvania; and conducts business as a transportation broker.

    4.    On information and belief, defendant T&T Freight Consolidators, Inc. is a corporation created and existing under the laws of the Commonwealth of Pennsylvania; was created in 1995; has a principal place of business in Philadelphia, Pennsylvania; and has offices proximate to offices of defendant East West Consolidators, Inc.

    5.    On information and belief, defendant Thomas J. Sicalides is a citizen of the State of Pennsylvania; resides in Warminster, Pennsylvania; is Vice-President of Operation for defendant East West Consolidators, Inc.; owns or did own, and is or was President, Vice-President, Secretary, and Treasurer of, defendant T&T Freight Consolidators, Inc.; and owns or did own, in whole or in part, a number of other companies, including TJS Brokerage & Co., Inc., Keystone Transportation, Inc., Garden Transportation Inc., Beverly Hills Sales and Marketing Inc., and Michael's Transport Inc.

    6.    On information and belief, defendant Gary S. Krinick is a citizen of the State of New Jersey; resides in Marlton, New Jersey; incorporated defendant East West Consolidators, Inc. in December 2004; and is, or was, an employee of one or more companies owned by defendant Thomas J. Sicalides.

## JURISDICTION AND VENUE

    7.    This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338, and the federal Trademark Act, 15 U.S.C. §§ 1051 through 1127, in that this action arises under the trademark laws of the United States.

    8.    This Court also has jurisdiction under the principles of supplemental jurisdiction stated in 28 U.S.C. § 1367.

9.     Jurisdiction is also based on 28 U.S.C. § 1332 through diversity of citizenship as the plaintiff is a citizen of New Hampshire and the defendants are citizens of Pennsylvania or New Jersey.  The amount in controversy exceeds $75,000.

10.     This Court may exercise personal jurisdiction over defendant East West Consolidators, Inc. as a citizen of the Commonwealth of Pennsylvania.

11.     This Court may exercise personal jurisdiction over defendant T&T Freight Consolidators, Inc. as a citizen of the Commonwealth of Pennsylvania.

12.     This Court may exercise personal jurisdiction over defendant Thomas J. Sicalides as a citizen of the Commonwealth of Pennsylvania.

13.     This Court may exercise personal jurisdiction over defendant Gary S. Krinick pursuant to the Pennsylvania Long Arm Statute, 24 Pa. Cons. Stat. §§ 5322(a) and 5322(b).

14.     Defendants, individually and through their companies, commercialize their services to the citizens of Pennsylvania, and conduct infringing activity within Pennsylvania.

15.     Venue within the Eastern District of Pennsylvania is proper under 28 U.S.C. § 1391.

## PLAINTIFF'S SERVICE MARK & TRADE NAME

16.     Plaintiff owns the mark **East/West Consolidators™** and the trade name **East/West Consolidators, Inc.**  Plaintiff has been in the business of providing transportation logistics services, namely arranging the transportation of goods by and for others by truck, for over twenty years.  In short, plaintiff is a transportation broker:  customers contact plaintiff with freight to be shipped, and plaintiff arranges for trucking companies to carry the freight.

4

17.    Plaintiff has used its Mark and Name substantially exclusively and continuously in commerce throughout the United States, as part of developing company goodwill, since at least as early as March 1982.  In August 1987, plaintiff incorporated under its Name.  A copy of plaintiff's Certificate of Incorporation identifying the Name is attached as Exhibit A.

18.    Plaintiff has a pending application to federally register its Mark with the U.S. Patent and Trademark Office (Application No. 78/745,139).

19.    Plaintiff has advertised and continues to advertise as a transportation broker under its Name and Mark, has promoted and continues to promotes its services under its Name and Mark, and has a substantial national client base with which it conducts business.

20.    Before April 2005, plaintiff was not aware of any other companies competing in its business using the designation "East West Consolidators" or any derivation of that designation.

21.    Because of its advertising, marketing, and sales success, plaintiff has developed a substantial level of success in connection with its Name and Mark, and has created a strong following of repeat and loyal customers for its services.

## DEFENDANTS' INFRINGING CONDUCT

22.    On information and belief, before December 2004, one or more of defendants competed with plaintiff in the transportation brokering business without using a company name or service mark that even remotely resembled plaintiff's Name and Mark.

23.    On information and belief, in December 2004, and more than twenty years after plaintiff began its use of the Mark, defendants began to use "East West Consolidators" (the

"Infringing Mark") and "East West Consolidators, Inc." (the "Infringing Name") (collectively, the "Infringing Designations") to market services identical to the services provided by plaintiff.

24.     On information and belief, defendants have specifically targeted plaintiff's customers by sending them facsimile documents prominently displaying the Infringing Designations, offering to provide services identical to those provided by plaintiff, and soliciting the business of plaintiff's customers. An example solicitation, sent by defendants to one of plaintiff's customers, X-Cel Corp., is attached as Exhibit B.

25.     Such solicitation has resulted in actual confusion. For example, in one case plaintiff received payment from a customer, Charles Co., for a shipment that defendants actually brokered. The shipment for which plaintiff was mistakenly paid was shipped by Overnight Transportation Company, a legitimate trucker; freight charges were sent to defendant T&T Freight Consolidators, Inc. The four documents attached as Exhibit C evidence the transaction and this case of actual confusion on the part of Charles Co.

26.     Defendants' Infringing Mark "East West Consolidators" and Infringing Name "East West Consolidators, Inc." are strikingly similar to plaintiff's Mark "East/West Consolidators" and Name "East/West Consolidators, Inc."

27.     Defendants' services are substantially identical to the services of plaintiff, i.e., defendants compete directly with plaintiff.

28.     Defendants have used and are continuing to use the Infringing Designations without the permission, consent, or authorization of plaintiff.

29.     On April 25, 2005, counsel for plaintiff sent a letter to defendant East West Consolidators, Inc. advising defendants of plaintiff's concern regarding defendants' use of the Infringing Designations. A copy of this letter is attached as Exhibit D.

30.     Defendant Thomas I. Sicalides responded, denying any liability, with a letter dated April 29, 2005.  A copy of this letter is attached as Exhibit E.

31.     An Internet search conduced using the Google® search engine on October 30, 2005 for "east west consolidators" (no backslash) uncovered approximately 70 results.  The vast majority of those results referred to plaintiff at its Plaistow, New Hampshire or its related California places of business.  See the search results attached as Exhibit F.  Thus, an Internet search makes no distinction between the plaintiff's Name and Mark (with a backslash) and defendants' Infringing Designations (without a backslash).

32.     Defendants have continued to offer and advertise their services in connection with the Infringing Designations.

33.     Defendants' Infringing Designations are likely to cause--and, in fact, already have caused--confusion, mistake, or deception among customers as to the affiliation, connection, association, origin, sponsorship, or approval of their services or commercial activities.

34.     Customers and potential customers are likely to purchase and, in fact, already have purchased defendants' services based on the Infringing Designations, believing that they were purchasing plaintiff's services.  This confusion has resulted in and will likely continue to result in lost sales to plaintiff and a reduction in plaintiff's goodwill.

35.     Plaintiff has no control over the quality of defendants' services advertised or sold in association with the Infringing Designations.

36.     If defendants continue to use the Infringing Designations, plaintiff's goodwill and other rights will be in the hands of defendants without plaintiff's consent and will be diminished.

37.     On information and belief, the infringing conduct by defendants has at all times been knowing, willful, and deliberate.

38.     The infringing activity by defendants has been designed and maintained to take advantage of the goodwill and services association that plaintiff has built through its use of its Name and Mark.

**COUNT ONE**
**FEDERAL TRADEMARK INFRINGEMENT**

39.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 38 of this Complaint as if fully set forth in this paragraph.

40.     This first claim is for trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that the defendants' use of the Infringing Mark causes a likelihood of confusion, deception, and mistake as to the origin of defendants' services.

41.     Plaintiff's long and widespread use of the Mark in connection with its services, including extensive advertising, has assured that its Mark has acquired recognition in the minds of consumers and is associated with plaintiff.

42.     Therefore, the Mark serves to identify the origin of services marketed, sold, and distributed by plaintiff and represents substantial goodwill in connection with the identity and quality of plaintiff's services.

43.     Defendants' unauthorized use and prospective use in interstate commerce of designations that are either the same as or deceptively similar to plaintiff's Mark, in connection with services that are substantially the same as or similar to plaintiff's services, have caused and are likely to continue to cause confusion, deception, and mistake as to the source of origin of services with which the designations are used.

44.     Defendants and plaintiff are both advertising in the media.  The services of both defendants and plaintiff are sold in the same marketing channels.

45.     Both defendants and plaintiff cater to the same customer groups.

46.     Plaintiff has received communications from customers who have seen defendants' use of the Infringing Mark and who mistakenly believed that defendants and plaintiff were somehow connected.

47.     Defendants' use and prospective use of plaintiff's Mark in connection with marketing and promoting services infringes and will infringe the trademark rights of plaintiff and is causing and will cause immediate and irreparable injury to plaintiff and damages in an amount not yet determined.

48.     Defendants' infringement of plaintiff's rights has caused and will cause actual confusion among customers, potential customers, members of the trade, and the general public.

49.     Defendants were aware of plaintiff's business before 2004 and have intentionally and willfully adopted and used the Infringing Mark to promote their services to plaintiff's customers and in commerce in bad faith with an attempt to trade on plaintiff's reputation and goodwill.

50.     Plaintiff put defendants on notice that plaintiff had prior rights in and to its Mark.  Thus, defendants have intentionally marketed their services using an Infringing Mark.

51.     The foregoing acts of defendants constitute infringement of plaintiff's trademark rights for which plaintiff has no adequate remedy at law.  Plaintiff has suffered and is suffering monetary damage in an amount not thus far determined.  Defendants' acts have caused irreparable damage and injury to plaintiff and are likely to continue and cause irreparable injury

to plaintiff unless defendants are enjoined and restrained by this Court from further improper use of the Mark "East West Consolidators."

## COUNT TWO
## STATE TRADEMARK INFRINGEMENT

52.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 51 of this Complaint as if fully set forth in this paragraph.

53.     This second claim is for trademark infringement under the common law of the Commonwealth of Pennsylvania, as reflected in 54 Pa. Cons. Stat. § 1126.

54.     Through its use of the Mark throughout the country, including Pennsylvania, plaintiff owns common law rights in its service mark.

55.     Plaintiff's Mark is distinctive and has acquired secondary meaning as a result of advertising and exposure to the public.

56.     The use and advertising of the Infringing Mark by defendants constitute trademark infringement under Pennsylvania common law and cause likelihood of confusion, deception, and mistake.

57.     Defendants have adopted and used the Infringing Mark to promote their services in bad faith with an attempt to trade on plaintiff's business reputation and goodwill.

58.     Defendants' infringement of plaintiff's Mark has caused actual confusion among customers, potential customers, members of the trade, and the general public.

59.     Defendants' acts have caused irreparable damage and injury to plaintiff and are likely to continue and cause irreparable injury to plaintiff unless defendants are enjoined and restrained by this Court from further use of the Infringing Mark to identify any of their businesses or services relating to transportation brokering.

10

60.     Plaintiff has no adequate remedy at law.

**COUNT THREE**
**FEDERAL UNFAIR COMPETITION**

61.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 60 of this Complaint as if fully set forth in this paragraph.

62.     This third claim is for false representation and unfair competition under 15 U.S.C. § 1125(a).

63.     Plaintiff's Name and Mark have become uniquely associated and identified with plaintiff and its transportation brokering services.

64.     Defendants have unlawfully used Infringing Designations in interstate commerce to sell and promote their services for profit and benefit.  Defendants' use of plaintiff's Name and Mark falsely represents or creates the impression in the customer's mind that defendants and plaintiff are associated, connected, or affiliated, or that plaintiff and defendants sponsor or endorse the services of the other.  Such false representation is likely to cause damage to plaintiff's business reputation, image, and goodwill.

65.     Defendants' use in commerce of the Infringing Designations is likely to divert and, in fact, has diverted business from plaintiff to defendants and is likely to cause and, in fact, has caused damage to plaintiff's business reputation, image, and goodwill.

66.     Defendants' acts constitute unfair competition, a false or misleading representation of fact, and a violation of 15 U.S.C. § 1125(a).

67.     Defendants have knowledge of the falsity and misleading nature of their representations.

68.     Defendants' acts have caused irreparable damage and injury to plaintiff and are likely to continue and cause irreparable injury to plaintiff unless defendants are enjoined

and restrained by this Court from further improper use of the Infringing Designations in their business.

69.     Plaintiff has no adequate remedy at law.

## COUNT FOUR
## COMMON LAW UNFAIR COMPETITION

70.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 69 of this Complaint as if fully set forth in this paragraph.

71.     This fourth claim is for common law unfair competition under the laws of the Commonwealth of Pennsylvania.

72.     Plaintiff's Mark and Name have become uniquely associated and identified with plaintiff and the services provided by plaintiff.

73.     Defendants' use in commerce of the Infringing Designations to identify their business and services constitutes a false designation of origin and a false representation, which falsely indicates that defendants' services originated from or are affiliated with or are endorsed by plaintiff.

74.     Defendants' use of the Infringing Designations is likely to divert and, in fact, has diverted business from plaintiff to defendants and has caused damage to plaintiff's business reputation, image, and goodwill.

75.     Upon information and belief, defendants have intentionally promoted their services to the public through the use of plaintiff's Name and Mark.

76.     Defendants' actions misappropriate and unlawfully exploit the intellectual property, including the distinguishing Name and Mark, of plaintiff and the valuable property and goodwill of plaintiff in its Name and Mark.  Plaintiff has made significant investment in promoting and developing its intellectual property and accruing goodwill.  Defendants have

12

misappropriated such goodwill by their actions, which constitute unfair competition and a violation of Pennsylvania common law.

77.     Defendants' actions have caused irreparable damage and injury to plaintiff and are likely to continue and cause further irreparable injury to plaintiff unless defendants are enjoined and restrained by this Court from further use of the Infringing Designations.

78.     Plaintiff has no adequate remedy at law.

## COUNT FIVE
## INJURY TO BUSINESS REPUTATION

79.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 78 of this Complaint as if fully set forth in this paragraph.

80.     This fifth claim is for injury to business reputation under the laws of the Commonwealth of Pennsylvania and 15 U.S.C. § 1125(a).

81.     The likelihood of trademark confusion and the beginning association of the Name and Mark with defendants rather than with plaintiff, as well as the inability of plaintiff to control the quality of the services provided by defendants, risks harm and, in fact, causes harm to plaintiff's reputation.

82.     If not enjoined by this Court, defendants' actions will cause consumers incorrectly to assume that plaintiff has improperly adopted defendants' name and designation, an assumption that risks harm and, in fact, causes harm to plaintiff's reputation.

83.     Accordingly, plaintiff has been irreparably damaged in an amount not yet determined.

## COUNT SIX
## INTERFERENCE WITH BUSINESS RELATIONS

84.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 83 of this Complaint as if fully set forth in this paragraph.

85.     This sixth claim is for tortious interference with existing and prospective business relations under the laws of the Commonwealth of Pennsylvania.

86.     Plaintiff had and has a reasonable expectation of economic advantage based on plaintiff's performed and prospective contracts to provide services to third parties relating to its Name and Mark.

87.     By their actions, defendants have knowingly and intentionally interfered with plaintiff's existing and prospective economic relations with existing and prospective purchasers of its services, and have induced or persuaded such existing and prospective purchasers not to purchase such services from plaintiff.

88.     Defendants have made statements to third parties that were calculated to prevent such parties from doing business with plaintiff, or to interfere with plaintiff's relationships with such third parties.

89.     Defendants' acts and statements have induced potential customers not to purchase services from plaintiff.

90.     Plaintiff has been damaged as a result of defendants' interference with plaintiff's existing and prospective economic advantage and with plaintiff's existing and prospective contractual relations.

91.     The conduct of defendants was malicious, fraudulent, and oppressive under Pennsylvania law.  Plaintiff is entitled to actual, punitive, and exemplary damages according to proof.

14

## **PRAYER FOR RELIEF**

In view of the foregoing, plaintiff East/West Consolidators, Inc. asks that this Court grant relief as follows:

A.     For judgment that defendants have infringed plaintiff's service mark;

B.     For judgment that the acts of defendants constitute unfair competition;

C.     For judgment that the acts of defendants have injured the business reputation of plaintiff;

D.     For judgment that the acts of defendants have tortiously interfered with business relations between plaintiff and its customers and clients;

E.     For an accounting of defendants' profits and an assessment of plaintiff's damages to compensate plaintiff for the infringement, unfair competition, injury to business reputation, and/or tortious interference with business relations by defendants;

F.     For preliminary and permanent injunctive relief against defendants, their officers, agents, servants, employees, attorneys, successors, assigns, and all other persons in active concert or participation with any of them, from any use of the designations **EAST WEST CONSOLIDATORS** or **EAST WEST CONSOLIDATORS, INC.**, or designations confusingly similar to plaintiff's name and mark, for their services and business, from unfairly competing with plaintiff, from injuring plaintiff's business reputation, and from tortiously interfering with plaintiff's business relations;

G.     For an Order that defendants immediately recall all advertisements and destroy any remaining letterhead, advertisements, and related materials in both print and electronic form, all at defendant's cost and expense;

H.      For an assessment of treble damages against defendants due to the deliberate, willful, and knowing nature of their actions;

I.      For an award to plaintiff of its reasonable attorneys' fees;

J.      For an award to plaintiff of its costs in this action plus interest on all monetary damages awarded; and

K.      For such other and further relief as this Court deems just and fair.

Respectfully submitted,

JL399
Keith R. Dutill (I.D. No. 46387)
Kevin R. Casey (I.D. No. 58083)
Jana M. Landon (I.D. No. 84083)
STRADLEY, RONON, STEVENS & YOUNG, LLP
30 Valley Stream Parkway
Malvern, PA  19355
(610) 640-5800

Attorneys for Plaintiff
East/West Consolidators, Inc.

Dated:   November 4, 2005

411324

# Exhibit A

# State of New Hampshire
## Department of State

CERTIFICATE OF INCORPORATION

OF

EAST/WEST CONSOLIDATORS, INC.

The undersigned, as Deputy Secretary of State of the State of New Hampshire, hereby certifies that duplicate originals of Articles of Incorporation for the incorporation of EAST/WEST CONSOLIDATORS, INC., duly signed pursuant to the provisions of the New Hampshire Business Corporation Act, have been received in this office.

ACCORDINGLY the undersigned, as such Deputy Secretary of State, and by virtue of the authority vested in him by law, hereby issues this Certificate of Incorporation of EAST/WEST CONSOLIDATORS, INC. and attaches hereto a duplicate original of the Articles of Incorporation.



IN TESTIMONY WHEREOF, I hereto set my hand and cause to be affixed the Seal of the State of New Hampshire this 10th day of August, 1987

Robert P. Ambrose
Deputy Secretary of State

Form No. 13
RSA 293-A:55

# Exhibit B

(Thur)   Apr 21 05        07:30      PAGE  1/1

# East West Consolidators, Inc.

Telephone # 215-200-1655                    Fax # 215-333-0474

*eastwestconsolidators@yahoo.com*

*Attention: Traffic Department:*

### *This form is for an immediate freight rate quote*

Date: 4/25/05

Contact Person: ✓ Sandy

Company Name: x-Cel Corp

Address: One Home News Row
New Brunswick NJ 08901

Telephone # 978 5354900    Fax # 978 5357752

*East West requires 24 to 48 hours notice before pick up. All loads must be legal weight limit and travel time per D O T rules and regulations. Stop off on Route: $65.00 / $1.00 per mile additional for off route miles. Driver Load / Unload $75.00 each. Two hours free time to load / unload or carrier may charge additional costs.*

**Please circle rate needed for:**   Truck Load   (LTL)   Rail

**What type of equipment and size needed?**
Van  X          Reefer _____      Flat Bed _____

**Does the driver help load or unload? Please circle:** Yes   or   (No)

**What is the commodity and weight approximately?** 900 lbs
**If LTL freight what is the class of the commodity?** 55
**Is the commodity haz-mat?**   **Please circle:**   Yes   or   (No)

| Origins: | | Destinations: | | Rate |
|---|---|---|---|---|
| New Brunswick NJ 08901 | to | Los Angeles CA 90058 | | $_____ |
| _____ | to | _____ | | $_____ |
| _____ | to | _____ | | $_____ |

*This rate is good for thirty days. Fuel surcharges is an additional charge to the base rate. All freight charges are payable within fifteen days from pick-up date with approved credit or freight charges are cod.*

# Exhibit C

JUN-08-2005 WED 09:59 AM THE CHARLES CO                     FHX NO. 2137493412          P. 01

CONSIGNEE    CUSTOMER COPY (WHITE)         INBOUND TRAILER        SHIPPER              887 908 630

CHARLES CO                                                       ARTISTIC STAR PRODUCTS CO I
                                          FREIGHT BILL NUMBER     905 ELIZABETH AVE
3300 S MAPLE AVE                          887 908 630            RAHWAY            NJ 07065
LOS ANGELES          CA 90011-1494        CITY RTE/BYD SCAC  DEST  03026695        (732)382-4141
   USA(USA)                                                      ADV CAR
                                          PICK UP DATE      ORIG  BL#
                     (800)981-7400        05/03/05          CRT   AD
                                                                                              COLLECT
                                                                                              THIS AMOUNT ▼

---

## OVERNITE TRANSPORTATION COMPANY    www.overnite.com    887 908 630

| # PCS | HM | PT | DESCRIPTION OF ARTICLES AND SPECIAL MARKINGS | WEIGHT (LBS) | NMFC | RATE | CHARGES |
|---|---|---|---|---|---|---|---|
| 2 | | | PIECE(S) COUNTED AND VERIFIED ON | | | | |
| | | | 2 SK HANDLING UNIT(S) SAID TO CONTAIN: | | | | |
| | | | (19 OT) VINYL SHEETING | 1525 | 156830-00 | 85 26 | 1300.22 |
| | | | (3 OT) COTTON TRIM | 75 | 054170-02 | 102.11 | 76.58 |
| | | | (6 OT) FABRIC/COATED TAPE | 280 | 049020-02 | 140.23 | 392.64 |
| | | | DEF WT: RATED AS 002000 | 120 | | 85.26 | 102.31 |
| | | | 70.00% DISCOUNT | | | LESS | < 1310.23 |
| | | | LTL FUEL ADJUSTMENT | | | 13.70 | 75.93 |
| | | | 72600          BILL-LADING # | | | | |
| | | | 72603          BILL-LADING # | | | | |

| | ◀ TTL PCS  PRINT NAME | TTL WT ▶ | | ODOM | ARRIVE | DEPART | TOTAL CHARGES (US |
|---|---|---|---|---|---|---|---|
| CES DLVRD | SIGNATURE FIRM | | | DATE | DRIVER NAME | | |
| RAP  INTACT? | X | | | | | | CONTD |
| YES  NO | RECEIVED THE ABOVE PROPERTY IN GOOD CONDITION EXCEPT AS NOTED | | | | | | |
| | RECORD EXCEPTIONS & DESCRIPTIONS OF GOODS IN BODY OF FORM ABOVE | | | | | | |

---

CONSIGNEE   CUSTOMER COPY (BLUE)          INBOUND TRAILER        SHIPPER              887 908 630

                                          FREIGHT BILL NUMBER

                                          CITY RTE/BYD SCAC  DEST  ADV CAR
                                                                  BL#
                     OVERNITE PHONE NUMBER  PICK UP DATE    ORIG  AD                           COLLECT
                                                                                              THIS AMOUNT ▼

---

## OVERNITE TRANSPORTATION COMPANY    www.overnite.com    887 908 630

| # PCS | HM | PT | DESCRIPTION OF ARTICLES AND SPECIAL MARKINGS | WEIGHT (LBS) | NMFC | RATE | CHARGES |
|---|---|---|---|---|---|---|---|
| | | | 5507          P.O. NUMBER | | | | |
| | | | 5508          P.O. NUMBER | | | | |
| | | | BILL FREIGHT CHARGES TO: | | | | |
| | | | BILL TO  13053673 | | | | |
| | | | T & T FREIGHT CONSOLIDATORS | | | | |
| | | | PO BOX 8984 | | | | |
| | | | PHILADELPHIA          PA 19135 | | | | |
| | | | OVNT  6180 0265798 | | | | |
| | | | *OVNT000860 05/03/05 C N 120150 | | | | |

Post-it® Fax Note   7671   Date 6/8/05  # of pages 1
To Marianne          From Carmen
Co./Dept. Earl/West  Co. Charles Co. Inc.
Phone #              Phone # 213-749-2167
Fax # 603-382-9034   Fax #

| | ◀ TTL PCS  PRINT NAME | TTL WT ▶ | | ODOM | ARRIVE | DEPART | TOTAL CHARGES (US |
|---|---|---|---|---|---|---|---|
| ES DLVRD | SIGNATURE | 1960 | | | | | |
| RAP  INTACT? | X | | | DATE | DRIVER NAME | | 638.45 C |
| YES  NO | RECEIVED THE ABOVE PROPERTY IN GOOD CONDITION EXCEPT AS NOTED | | | | | | |
| | RECORD EXCEPTIONS & DESCRIPTIONS OF GOODS IN BODY OF FORM ABOVE | | | | | | |

# *East West Consolidators, Inc.*

**4940 Disston Street**
**P.O Box 8967**                          *50120*
**Philadelphia, PA 19135**

**Telephone # 215-333-9842**                          **Fax # 215-333-0474**
**888-392-9842**

RECEIVED MAY 1 9 2005

**Date: 05/10/05**

**Invoice # 41198**

**Bill to:**      **Charles Company**

**2700 S. Maple Ave.**

**Los Angeles, CA 90011**                    **POSTED**

**Freight Charges for charges:**          PAID
                                          MAY 18 2005
                                          MAY 24 2005              $ 681.64
                                          **Ser Chg**                  10.22
                                          **Total Due**            $ 691.86

**From:**      **Rahway, NJ**              **To:**  **Los Angeles, CA**

**Pick Up Date:**      05/06/05

**Total Pieces:**      22 pieces

**Total Weight:**      1,880 lbs

**Description of articles on the truck: Vinyl Sheeting**

| Post-it® Fax Note | 7671 | Date 6/8/05 | # of pagos ▶ 1 |
|---|---|---|---|
| To *Marianne* | | From *Carmen* | |
| Co./Dept. *East/West* | | Co. *Charles Co. Inc.* | |
| Phone # | | Phone # *213-749-2167* | |
| Fax # *603-382-9034* | | Fax # | |



THE CHARLES CO., INC.

VENDOR NO.: 050121   NAME: EAST WEST CONSOLIDATORS, INC.

CHECK DATE: 9/19/05   6222

| REFERENCE | INV DATE | INV DESCRIPTION | GROSS AMOUNT | DISCOUNT TAKEN | NET AMOUNT PAID |
|---|---|---|---|---|---|
| 624073 | 9/9/05 | | 252.18 | 0.00 | 252.18 |
| 624082 | 9/9/05 | | 388.54 | 0.00 | 388.54 |
| | | TOTAL > | 640.72 | 0.00 | 640.72 |

THE CHARLES CO., INC.

2700 South Maple Avenue
Los Angeles, California 90011
(213) 749-2577

6222

9/19/2005   **640.72

Bank of America BR #0306
1127 South Hill Street
Los Angeles, CA 90015

Six Hundred Forty and 72/100

EAST WEST CONSOLIDATORS, INC.
Zero DISCOUNT STREET
PHILADELPHIA, PA 19148

THIS CHECK IS VOID WITHOUT A BURGANDY BACKGROUND AND A TRUE WATERMARK - HOLD UP TO THE LIGHT TO VERIFY

Case 2:05-cv-05898-RB Document 117-28 11/04/05 Page 27 of 34



## EAST/WEST CONSOLIDATORS, INC.
P.O. Box 870 • Plaistow, NH 03865
Local 603-382-8885 WATTS 800-365-8885
FAX 603-382-9034

INVOICE NO.

DATE

B/L TERMS

Trlr#: A&M 8006

Mnfst#: 26824

CHAR C

CHARLES CO INC
2700 S MAPLE AVE
LOS ANGELES CA 90011

1 SKID FABRIC
    Fuel Surcharge 25.00%
LIFTGATE CHARGE

CHAR 1
PO# S2706
LIFTGATE REQUIRED

CHARLES CO INC
PO BOX 111627
LOS ANGELES CA 90011

---

## EAST/WEST CONSOLIDATORS, INC.
P.O. Box 870 • Plaistow, NH 03865
Local 603-382-8885 WATTS 800-365-8885
FAX 603-382-9034

Trlr#: A&M 8006

Mnfst#: 26824

CHAR C

CHARLES CO INC
2700 S MAPLE AVE
LOS ANGELES CA 90011

1 SKID FABRIC
    Fuel Surcharge 25.00%
LIFTGATE CHARGE
PO# S2704/S2702

CHAR 1
(21307

CHARLES CO INC
PO BOX 111627
LOS ANGELES CA 90011

LIFTGATE REQUIRED

# Exhibit D

# ATTORNEYS
## A T   L A W

### LaFLAMME, BARRON & CHABOT
A LIMITED LIABILITY PARTNERSHIP

DANIEL T. CHABOT
WILLIAM J. BARRON
GERARD R. LaFLAMME, JR.

———

OF COUNSEL
NORMAN BRISSON

FLORIDA OFFICE

1314 E. LAS OLAS BOULEVARD
FORT LAUDERDALE, FL 33301

———

954/763-5622

114 KENOZA AVENUE
HAVERHILL, MASSACHUSETTS 01830

TEL 978/521-4737      FAX 978/373-6859

April 25, 2005

**Via Facsimile:**      **(215) 333-0474**

East West Consolidators, Inc.

Dear Sirs:

Please be advised that this firm represents East/West Consolidators, Inc., a New Hampshire business corporation.  East/West Consolidators, Inc. is a longtime trademark of my client who is engaged in the transportation and trucking business.

Recently, it has come to my client's attention that your company is using the name "East West Consolidators, Inc." in connection with soliciting business.  In particular, my client has received a fax communication with a company called "X-Cel Corp." wherein you purport to be East West Consolidators, Inc. and wherein you quote a freight rate.

My client hereby demands that you immediately cease and desist the use of the name "East West Consolidators, Inc." in any manner whatsoever, directly or indirectly, including but not limited to use with services, prospective customers and otherwise.  Any use of my client's trademark constitutes infringement in violation of federal and state law.  Such infringing use makes you and your organization liable for all the penalties that such laws provide.

I hereby demand that you no later than April 30, 2005, provide me with written assurance that you have discontinued and will hereafter permanently refrain from any use in furtherance of promotion and sale and distribution of the name, or anything substantially similar to it.  We will be forced to take legal action if you do not honor this request.

I expect to hear from you shortly.

Sincerely,

William J. Barron

WJB:hfa

# Exhibit E

# *East West Consolidators, Inc.*

*PO Box 8967*
*4940 Disston Street*
*Philadelphia, PA 19135*
*FF # 5341*
*ew5341@yahoo.com*

*Telephone # 215-333-9842*                                    *Fax # 215-333-0474*
*# 888-EWC-9842*
*(392)*

---

April 29, 2005

William J. Baron, Esquire
Laflamme, Barron & Chabot Attorney's at Law
114 Kenoza Ave.
Haverhill, MA 01830

Re: East/West Consolidators, Inc (a NH corporation)

Dear Mr. Baron:

This letter is in response to your correspondence dated April 25, 2005. I would like to thank you for bringing to my attention that there are similar names that exist to our company some where in United States of America and that they might be competing with in the transportation industry.

Now with that being said, I would like to point out some obvious differences between your client's company name and our company name.

1. Our company is East West Consolidators, Inc.
2. Your client's name is East (slash) West Consolidators, Inc.
3. Our company is a PA corporation.
4. Your client's company is a New Hampshire corporation.
5. Our company is a registered and licensed freight forwarder with the US Department of Transportation and could operate in all 48 states (that includes NH & MA).
6. We have checked with the US Department of Transportation and cannot find any granting of authority for your client to operate as a freight forwarder, broker, and or carrier. Are they operating legally according to the US Department of Transportation?

Specifically with respect to your allegation regarding trademark infringement, I do not believe we have used anything that resembles your client's logo. Please provide me with evidence of your client's trademark and, if we are in breach of some specific trademark law please provide me with the authority so that I can seek appropriate counsel to review your authority and advise me accordingly.

Sincerely,

Thomas J. Sicalides
Vice-President of Operation

# Exhibit F

 **Google**

Web    Images    Groups    News    Froogle    Local^New!    more »

"east west consolidators"    [ Search ]    Advanced Search
Preferences

## Web

Results **1 - 10** of about **70** for **"east west consolidators"**. (0.09 seconds)

Sponsored Links

### the alexander report
... ny 10018 212 244-133, dynamic express 125 pennsylvania avenue south kearny, nj 07032 201 344-6300, 800 332-1030 201 344-4402, **east / west consolidators** po box ...
thealexanderreport.com/dir/ transport/freightforwarders/index.html - 15k - Supplemental Result - Cached - Similar pages

### Trucking, Local, PLAISTOW, NH: YellowPages.com(sm)-online yellow ...
**EAST WEST CONSOLIDATORS** 51 KINGSTON ROAD, PLAISTOW, NH 03865 Phone: (603) 382-8885. Map & Directions. Spacer. Spacer. Spacer. Spacer. FREEBIRD TRANS CO INC ...
www.yellowpages.com/seo2/ 1&NH&PLAISTOW&4903&Trucking,+Local.html - 54k - Cached - Similar pages

### Encino.NetWEBMall.com: Member of A Global Network of over 50,000 ...
... Westwind Express Delivery Systems 818-865-2800. AIR FREIGHT & EXPRESS SERVICE. **East-West Consolidators** 818-986-3479. AIRCRAFT EQUIPMENT PARTS & SUPPLIES. ...
encino.netwebmall.com/cata1.htm - 52k - Supplemental Result - Cached - Similar pages

### a express
... south kearny, nj 07032. 201 344-6300, 800 332-1030. 201 344-4402. **east / west consolidators**. po box 870. plaistow, nh 03865. 603 382-8885. 603 382-9034. ...
www.beadtrans.com/apparel_industry/transport.html - 11k - Supplemental Result - Cached - Similar pages

### AWFS(R) Suppliers' Edge
... On second night of the show, the WCFFC had a gala cocktail reception where they bestowed recognition to the sponsors **East/West Consolidators**, Kiesling-Hess and ...
awfs.org/awfs/newsletter/vol10no2/stw.html - 4k - Supplemental Result - Cached - Similar pages

### New Show... New name...New venue
... s show sponsors included Charles McLean, A Law Corporation, who was the show's "Associate Sponsor" and FiberVision and **East/West Consolidators** were both ...
awfs.org/awfs/newsletter/vol10no4/STW98.html - 6k - Supplemental Result - Cached - Similar pages

### Trucking Motor Freight in Portsmouth, NH
... CAPE ANN TRUCKING, 603-964-2790. 136 LAFAYETTE RD NORTH HAMPTON, NH 3862, **EAST WEST CONSOLIDATORS**, 603-382-8885. 51 KINGSTON RD PLAISTOW, NH 3865, ...
www.magicyellow.com/category/ Trucking_Motor_Freight/Portsmouth_NH.html - 23k - Supplemental Result - Cached - Similar pages

**Airline Consolidators**
Save up to 70% on cheap international airfares! Book online
www.AirlineConsolidator.com

**Consolidators**
Cheap Plane Tickets!
Competitive - **Consolidators**
www.BuyPlaneTicket.com

Airfares from $44
Find low priced airfares from 100's of hugely popular travel sites
TravelFleaMarket.com

Consolidator Fares
Free fare quotes from many live ticket **consolidators** in the USA
www.consolidatorsusa.com

Consolidator
Bid On Your Next Flight & Get A Fantastic Deal
SkyAuction.com

Special Fares Agents
Association of 750 Discount Agents
**Consolidators** Worldwide
www.asfa.net

### Gymie-Jo The Clown
**EAST- WEST CONSOLIDATORS** INC. PLACE 7m.DAY ADVENTIST. IALAMIC CENTER
CONEJO VALLEY. CINEMA SECRETS BURBANK. CAMARILLO ART CENTER.
SHERWOOD CC XMAS PARTY ...
gymie-jotheclown.com/credit.htm - 29k - Cached - Similar pages

### Shipping & Trucking in Portsmouth, NH on Portsmouth Citysearch ...
**East West Consolidators**; Shipping & Trucking. 22.42 miles 51 Kingston Rd Plaistow NH
Map · Click to view Ratings · 7.4. Overall ...
portsmouth.citysearch.com/yellowpages/ directory/Portsmouth_NH/20/132/page1.html -
109k - Cached - Similar pages

### Find Loads - The Internet Freight Terminal - Helping Shippers ...
... earthwatch waste systems, east coast transport, **east west consolidators**, echo valley
farm, elite freight solutions, elliott truck brokerage ...
freight-terminal.com/visviewloads.php - 44k - Cached - Similar pages

# Goooooogle ▶

Result Page:   **1**  2  3  4  5  6   **Next**

Free! Get the Google Toolbar. Download Now - About Toolbar

| Google ▾ | | G Search ▾ | 377 blocked | Check ▾ | AutoLink ▾ | AutoFill |

"east west consolidators"   [ Search ]

Search within results | Language Tools | Search Tips | Dissatisfied? Help us improve

Google Home - Advertising Programs - Business Solutions - About Google

©2005 Google